**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Stacey Dobbelman,

Plaintiff,

v.

Eli Lilly & Company,

Defendant.

Civil No. 01-1729 (DWF/AJB)

**ORDER**

---

Jennifer K. Sustacek, Esq., and David M. Cialkowski, Esq., Zimmerman Reed, 651 Nicollet Mall, Suite 501, Minneapolis, MN 55402-4123 and Aaron M. Levine, Esq., Levine & Associates, 1320 Nineteenth Street Northwest, Washington, DC 20036, counsel for Plaintiff.

Joseph M. Price, Esq., and Peter J. Goss, Esq., Faegre & Benson, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402-3901; and Mark C. Heagarty, Esq., David W. Brooks, Esq., and John F. Kuckelman, Esq., Shook Hardy & Bacon, 1200 Main, Suite 3100, Kansas City, MO 64105-2118, counsel for Defendant.

---

This matter is before the Court upon Plaintiff's motion for leave to file a supplemental affidavit in support of Plaintiff's opposition to Defendant's motion for summary judgment and upon Plaintiff's notice and request to the Court to present oral testimony at the summary judgment hearing. The summary judgment motion is presently scheduled to be heard on January 3, 2003. Defendant opposes both motions in all respects.

Based upon the Court's review of the record, the Court having considered the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

FILED DEC 1 8 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**ORDER**

1. Plaintiff's request to present oral testimony at the summary judgment hearing on January 3, 2003 (Doc. No. 27), is respectfully **DENIED**.

2. The Court reserves the right to hear additional argument on the Plaintiff's motion to file a supplemental affidavit in support of Plaintiff's opposition to Defendant's motion for summary judgment (Doc. No. ____) on January 3, 2003.

Dated: December 18, 2002

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

**Plaintiff's Request to Present Oral Testimony**

In my 18 years on the bench, I have never before had a party request to present oral testimony during a summary judgment hearing. Indeed, it is the rare case where it would even be arguably appropriate to present oral testimony at a summary judgment hearing, and this is not such a rare case.

In support of her motion, Plaintiff cites *Waskovich v. Morgano*, 2 F.3d 1292 (3d Cir. 1993). *Waskovich*, however, is inapposite. In that case, it was the judge who ordered the evidentiary hearing because of the sparse factual record before the court made it impossible for the judge to determine whether a genuine fact issue existed with respect to a crucial legal issue in the case. In other words, the hearing was called by the judge to determine whether a factual dispute existed; here, it appears that a party wishes to bring testimony to create or augment a

factual dispute that, if it exists, should have been developed during the normal course of discovery.

Even in the situation presented in *Waskovich*, the Third Circuit expressed concern over such a practice and observed that it would be the rare case where an evidentiary hearing would be proper as part of a Rule 56 motion. Moreover, the Third Circuit concluded by stating that a district judge in a summary judgment context "may not rely on the material submitted at such a hearing as a means of resolving any genuine issues of material fact." *Waskovich* at 1296. As a result, the only purpose such a hearing could serve is to create or augment a question of fact, and to do so without giving the opposing party an opportunity to fully and fairly brief whether that question of fact is, in fact, material. However, if scheduling orders and discovery deadlines are to have any meaning, such a procedure must be ill-favored.

**Plaintiff's Motion for Leave to File a Supplemental Affidavit**

This is an issue committed to the sound discretion of the Court, but one which the Court declines to resolve at this time. At this juncture, the Court merely notes that, while there are indeed cases where such post-deposition affidavits are received by courts, it is the rare case where a party is allowed to create issues of credibility or genuine issues of material fact by submitting post-deposition affidavits. In the context of that admonition, the Court will allow the parties to decide whether they want to use a portion of their 30 minutes allotted for oral argument to address the supplemental affidavit issue.

D.W.F.