**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Stacey Dobbelman,

Plaintiff,

v.

Eli Lilly & Company,

Defendant.

Civil No. 01-1729 (DWF/AJB)

**ORDER OF DISMISSAL**

---

Jennifer K. Sustacek, Esq., and David M. Cialkowski, Esq., Zimmerman Reed, 651 Nicollet Mall, Suite 501, Minneapolis, MN 55402-4123 and Aaron M. Levine, Esq., Levine & Associates, 1320 Nineteenth Street Northwest, Washington, DC 20036, counsel for Plaintiff.

Joseph M. Price, Esq., and Peter J. Goss, Esq., Faegre & Benson, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402-3901; and Mark C. Heagarty, Esq., David W. Brooks, Esq., and John F. Kuckelman, Esq., Shook Hardy & Bacon, 1200 Main, Suite 3100, Kansas City, MO 64105-2118; and Richard Octhcimer, Esq., Goodwin Procter & Hoar, Exchange Place, 53 State Street, Boston, MA 02109-2881, counsel for Defendant.

---

The court having been advised by counsel that the above case has been settled,

**IT IS ORDERED** that this action is hereby dismissed, with prejudice, the court reserving jurisdiction for ninety (90) days to permit any party to move to reopen the action, for good cause shown, or to submit and file a stipulated form of final judgment, or to seek enforcement of the settlement terms.

Dated: January 2, 2003

DONOVAN W. FRANK
Judge of United States District Court

Filed JAN 0 2 2003
Richard D. Sletten, Clerk
Judgment Entered ______________
Deputy Clerk's Initials ______________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.